IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-94-1 |
| | § | CIVIL ACTION NO. 07-1775 |
| PAUL VINCENT MARKS, | § | |
| | § | |
| Defendant/Movant. | § | |

**AMENDED[1] MEMORANDUM AND RECOMMENDATION
GRANTING GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this federal habeas corpus proceeding is Movant Paul Vincent Marks' "Petition for Writ of Habeas Corpus by a Person in State Custody" (Document No. 162), which petition has been construed by the Court as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, *see* Document No. 163, and Document No. 3 in Civil Action No. 07-1714, and the Government's Answer and Motion to Dismiss (Document No164). Having considered Marks' § 2255 Motion, the Government's Answer and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Paul Vincent Marks' § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

---

[1] This amended Memorandum and Recommendation is entered for the sole purpose of correcting a typographical error in a date on page 2.

I.    **Introduction and Procedural History**

Movant Paul Vincent Marks ("Marks"), who is currently in federal custody,[2] is seeking federal habeas corpus relief under 28 U.S.C. § 2255 from his federal conviction and sentence that were imposed in this case in 1994. This is Marks' first motion pursuant to § 2255.

On January 3, 1994, Marks was charged by Indictment, along with three co-defendants, with conspiracy to defraud the United States by filing false and fictitious income tax returns (count one), and nineteen counts of presenting false, fictitious and fraudulent income tax returns (counts two through twenty). (Document No. 1). On March 17, 1994, Marks pled guilty, pursuant to a written Plea Agreement, to counts one, two and three. (Document Nos. 75 & 76). Thereafter, on July 18, 1994, following the preparation of a presentence investigation report, to which Marks filed objections, the District Court sentenced Marks to three concurrent terms of fifty-seven months imprisonment, to followed by a three year term of supervised release, all of which was to be served consecutive to Marks' pending state court sentences. (Document No. 110). A Judgment of Conviction reflecting that sentence was entered on September 22, 1994.

Marks appealed, but the appeal was dismissed on March 23, 1995, as untimely. (Document No. 138). Marks then filed two motions seeking to have his federal sentence in the instant case run concurrent to his state court sentences. (Document Nos. 144 & 157). The motions were both denied, on April 17, 1996, and February 14, 2006, respectively. (145 & 158). Marks then filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was construed by the Court as a motion under 28 U.S.C. § 2255. *See* Document No. 163 & Document No. 3 in Civil Action No. H-

---

[2] Marks is currently in the custody of the United States Marshal's Service, pending his transfer to the United States Bureau of Prisons for service of his sentence in the instant case.

07-1714.[3]  The Government has filed an Answer and a Motion to Dismiss as time-barred, to which no response in opposition has been filed.

**II.    Claims**

Marks maintains that his federal sentence should run (or should have run) concurrent with his unexpired state sentence(s).  In addition, Marks contends that his federal sentence in the instant case was the result of "invalid sentencing procedures," and that the sentence was imposed in violation of the Double Jeopardy clause.

The Government, in its Answer and Motion to Dismiss argues that Marks' § 2255 motion is time-barred, and that there are no circumstances that would warrant equitable tolling.  In addition, and in the alternative, the Government argues that none of Marks' claims has any merit.

**III.   Discussion – Limitations**

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

---

[3] In Civil Action No. H-07-1714, United States District Judge Kenneth Hoyt construed Marks' "Petition for Writ of Habeas Corpus" as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and ordered the Clerk to transfer the case to the sentencing judge, United States District Judge Ewing Werlein, Jr.  *See* Document No. 3 in Civil Action No. H-07-1714.

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Marks' conviction was final in 1995, when the time expired for Marks to file a petition for writ of certiorari with the United States Supreme Court. SUP. CT. R. 13.1 ("a petition for certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment"); *Clay v. United States*, 537 U.S. 522 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires."); *United States v. Gamble*, 208 F.3d 539 (5th Cir. 2000) (§ 2255's statute of limitations begins to run when the time for filing a petition for certiorari expires). Because Marks' conviction became final prior to the enactment of the one-year limitations period, Marks had until April 24, 1997, under § 2255(1), to file a timely § 2255 motion. *See United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998) (holding that under § 2255(1), a § 2255 movant, whose conviction was final prior to the effective date of the AEDPA, had one year from the effective date of the AEDPA, April 24, 1997, to timely file a § 2255 motion), *cert. denied*, 525 U.S. 1091 (1999). Marks' motion, filed in May 2007, is over ten years too late under § 2255(1).

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Marks' § 2255 motion cannot be considered timely under § 2255(2) because Marks as not alleged that he was in any way impeded from filing a timely § 2255 motion. The fact that Marks was in state custody did not affect Marks' ability to timely challenge the instant conviction and sentence with a § 2255 motion. *See Simmons v. United States*,

437 F.2d 156, 158 (5th Cir. 1971) ("a prisoner serving consecutive sentences is 'in custody' under any one of them for the purposes of section 2255"). In addition, Marks' § 2255 motion cannot be considered timely under § 2255(4) because Marks has not, and cannot, allege that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. The record shows that it was clear at sentencing, and the Final Judgment clearly reflects, that Marks' sentence in the instant case was to run consecutive to his state court sentences. Finally, Marks' § 2255 motion cannot be considered timely under § 2255(3) because Marks' claims are not based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In addition, there is no equitable basis for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Upon this record, where the only assertion by Marks is that he was unaware he could seek relief under § 2255, equitable tolling is not available.

Because Marks' § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling, the Government's Motion to Dismiss should be granted.

### IV.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Paul Vincent Marks' § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 164) be GRANTED, that Paul Vincent Marks' "Petition for Writ of Habeas Corpus by a Person in State Custody" (Document No. 162), which has been construed as a § 2255 Motion to Vacate, Set Aside or Correct Sentence, be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 10th day of September, 2007.

Frances H. Stacy
United States Magistrate Judge